*4*

Robert P. Zahradka (SBN 282706)
rzahradka@piteduncan.com
Philip J. Giles (SBN 272582)
PGiles@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385


Attorneys for  Wells Fargo Bank, N.A.

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 13-15129 |
| BENITO DIAZ AND ROSA GARCIA, | Chapter 13 |
| Debtors. | D.C. No.  TOG-3 and PD-1 |
| | **STIPULATION RE: TREATMENT OF WELLS FARGO BANK, N.A.'S CLAIM UNDER DEBTORS' CHAPTER 13 PLAN OF REORGANIZATION AND RESOLVE OF DEBTORS' MOTION TO VALUE COLLATEARL** |

This Stipulation is entered into by and between secured creditor, Wells Fargo Bank, N.A., ("Creditor"), by and through its attorneys of record, and Benito Diaz and Rosa Garcia (the "Debtors"), by their attorneys of record.

## I.

## STATEMENT OF FACTS

1.    On or about December 16, 2005, Debtor, for valuable consideration, made, executed and delivered to First Magnus Financial Corporation ("Lender") a Promissory Note in the principal sum of $136,000.00 (the "Note").  Pursuant to the Note, Debtors are obligated to

make monthly principal and interest payments. A copy of the Note is attached to the concurrently served and filed Exhibits to the Stipulation ("Exhibits") as **Exhibit 1** and incorporated herein by reference.

2.      On or about December 16, 2005, Debtor made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property located at 16628 Rd 166, Woodville, CA  93274 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on, in the official records of the Tulare County Recorder's office. A copy of the Deed of Trust is attached to the Exhibits as **Exhibit 2** and incorporated herein by reference.  Creditor currently holds the Note and is entitled to enforce the provisions of the Note and Deed of Trust. The Note is specially indorsed by Lender made payable to DB Structured Products, Inc.  DB Structured Products, Inc thereafter specially indorsed the Note to Creditor.

3.      Subsequently, all right, title and interest under the Note and Deed of Trust was assigned to Creditor. A copy of the Corporation Assignment of Deed of Trust is attached to the Exhibits as **Exhibit 3** and incorporated herein by reference.

4.      On or about July 26, 2013, Debtors filed a Chapter 13 bankruptcy petition. Debtor's Chapter 13 Plan proposes to reduce Creditor's secured claim to $65,000.00 with an interest rate of 4.75%.

5.      On or about August 8, 2013, the Debtors filed their Motion to Value Collateral ("Motion to Value") wherein the Debtors allege the fair market value of the Subject Property is $65,000.00, and proposes that the Court determine that the debt of Creditor be modified to the actual value and classify the remaining balance of the debt as unsecured credit

**THE PARTIES STIPULATE AS FOLLOWS:**

1.      Creditor shall have a secured claim in the principal amount of $70,000.00 (the "Secured Claim") to be amortized over sixty (60) months at 5.25% interest per annum. The total amount of the Secured Claim shall be paid through the Debtors' Plan.

2.      Creditor shall have an unsecured claim in the amount of $52,369.344 plus Creditor's attorneys' fees and costs ("Unsecured Claim"). Creditor shall receive, in full and final

-2-

satisfaction of its Unsecured Claim, its pro rata share of the dividend issued to general unsecured creditors.

3.    Regular monthly Principal and Interest Payments under this stipulation shall be disbursed to Creditor until all outstanding amounts under the Secured Claim are paid in full.

4.    In addition to Principal and Interest Payments, Debtors shall tender to Creditor regular monthly escrow payments for advances made by Creditor for the maintenance of real property taxes and real property hazard insurances for the Subject Property.

5.    Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

6.    The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

7.    The terms of this Stipulation may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 13 Plan of Reorganization and confirmation order thereon without the express written consent of Creditor. The terms of this Stipulation shall be incorporated into the Plan and/or any subsequently filed Amended Chapter 13 Plan of Reorganization.

8.    In the event the Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note.  Further, in the event that Creditor's Secured Claim is not paid in full by the completion of the Plan, Creditor shall retain its lien in the full amount due under the Note.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- 3 -

9.    In exchange for the foregoing, Creditor accepts the Debtors' Plan.

Dated: ___9 | 18 | 13___          _____
                                  THOMAS O. GILLIS
                                  Attorney for the Debtors


                                  PITE DUNCAN, LLP

Dated: September 12, 2013         /s/ Robert P. Zahradka
                                  ROBERT P. ZAHRADKA
                                  Attorneys for Wells Fargo Bank, N.A.
                                  4375 Jutland Drive, Suite 200
                                  P.O. Box 17933
                                  San Diego, CA 92177-0933
                                  Telephone: (858) 750-7600
                                  Facsimile: (619) 590-1385

- 4 -